**Howard William FLOWERS,
Petitioner–Appellant,**

v.

**Kay WALTER, Respondent–Appellee.**

No. 99–35552.

D.C. No. CV–97–23Z.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 6, 2000.

Filed Sept. 25, 2001.

Decided Sept. 25, 2001.

Before PREGERSON and D.W. NELSON, Circuit Judges, and KARLTON, District Judge[1].

## MEMORANDUM[2]

Howard William Flowers, a Washington state prisoner, appeals the dismissal of his second petition for a writ of habeas corpus brought under 28 U.S.C. § 2254. The district court dismissed Flowers' second petition after concluding that it did not rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2)(A) (1994 & Supp. IV 1998). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

On August 26, 1997, we granted Flowers leave to file a second habeas petition pursuant to 28 U.S.C. § 2244(b)(3)(A). The second petition alleged a violation of Flow-

---

1. The Honorable Lawrence K. Karlton, Senior United States District Judge for the Eastern District of California, sitting by designation.

2. This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by the Ninth Circuit Rule 36–3.

ers' constitutional rights under *Riggins v. Nevada,* 504 U.S. 127, 112 S.Ct. 1810, 118 L.Ed.2d 479 (1992). The Supreme Court decided *Riggins* in 1992, several years after the denial of Flowers's first habeas petition. *Riggins* holds that the forced administration of anti-psychotic drugs to a defendant during trial—without a determination by the court of overriding justification and medical appropriateness—is a violation of the Sixth and Fourteenth Amendments. *Id.* at 135–38, 112 S.Ct. 1810. Relying on *Riggins,* Flowers argues in his second petition that the state violated his constitutional rights by forcibly medicating him with anti-psychotic drugs during his trial without first obtaining a ruling by the court of overriding justification and medical appropriateness.

Flowers asks this court to find that he is entitled to have the district court consider the merits of his second habeas petition alleging a *Riggins* violation as it constitutes a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review. Since nothing in the *Riggins* opinion expressly makes the holding retroactive, petitioner asks this court to decide that 28 U.S.C. § 2244(b)(2)(A) codifies the Supreme Court's approach to retroactivity announced in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

■■■ Petitioner's argument is foreclosed by *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478, 2438, 150 L.Ed.2d 632 (2001). In *Tyler,* the Court held that 28 U.S.C. § 2244(b)(2)(A) did not incorporate the *Teague* standard but that in order for a new rule of constitutional law to be made retroactive to cases on collateral review, the Supreme Court must expressly hold it to apply retroactively. 533 U.S. at —— ——, 121 S.Ct. at 2483–2484.

Therefore, the opinion of the district court dismissing Flowers' habeas petition is AFFIRMED.