**Ronald Richard REES, Petitioner,**

v.

**Jean HILL, Superintendent; Hardy Myers, Respondents.**

No. 01–70750.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 6, 2001.

Filed March 26, 2002.

Wendy R. Willis, Assistant Federal Public Defender, Portland, OR, for the petitioner.

Timothy A. Sylwester, Assistant Attorney General, Salem, OR, for the respondent.

Before: HUG, T.G. NELSON, and GOULD, Circuit Judges.

## OPINION

HUG, Circuit Judge.

Ronald R. Rees, a prisoner of the State of Oregon, seeks leave to file a successive habeas petition. We have jurisdiction under 28 U.S.C. § 2244. For the reasons set forth below, we deny Rees' request.

In order to obtain leave to file a successive habeas petition, Rees must show that his underlying claim (1) relies on a new rule of constitutional law, (2) made retroactive to cases on collateral review by

the Supreme Court, (3) that was previously unavailable. 28 U.S.C. § 2244(b)(2)(A), (3)(A), (3)(C). Rees' underlying claim is that his sentence is unconstitutional under the Supreme Court's recent decision in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). In *Apprendi,* the Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348. According to Rees, his sentence violates *Apprendi* because, despite Oregon's statutory maximum of 20 years for first degree sodomy (the crime for which he was convicted), he received a sentence of 30 years after the judge found him to be a "dangerous offender" based on a preponderance of the evidence. Given this alleged *Apprendi* error in his sentence, Rees argues that he is entitled to habeas relief, and seeks leave from this court to file a successive petition to obtain that relief.

■ [2] The parties do not dispute that the rule announced in *Apprendi* is a new rule of constitutional law. Additionally, the parties do not contest that the rule in *Apprendi* was unavailable to Rees when he filed his first habeas petition. Thus, the sole issue we must address in ruling on Rees' request is whether the Supreme Court has made *Apprendi* retroactive to cases on collateral review.

This issue is easily resolved under our recent decision in *United States v. Sanchez–Cervantes,* 2002 Daily Journal D.A.R. 2965, No. 98–35897, slip op. —— (9th Cir. Mar. 15, 2002). In *Sanchez–Cervantes,* we held, in the context of a 28 U.S.C. § 2255 habeas petition, that "*Apprendi* does not apply retroactively to cases on initial collateral review...." *Sanchez–Cervantes,* slip op. at ——, 2002 Daily Journal D.A.R. 2965. In so holding, we necessarily deter-mined that the Supreme Court has not previously made *Apprendi* retroactive to cases on collateral review, lest we render a decision in direct conflict with Supreme Court precedent. *See id.* at —— –– ——. Therefore, as required by our binding decision in *Sanchez–Cervantes,* we reaffirm here that the Supreme Court has not made *Apprendi* retroactive to cases on collateral review.

Because the Court has not mandated that *Apprendi* be applied retroactively on collateral review, Rees cannot meet the requirements in 28 U.S.C. § 2244 for obtaining leave to file a second petition for habeas relief. Thus, Rees' request for leave to file a second habeas petition is DENIED.