**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Felix PADILLA–DURAN,**
**Defendant—Appellee.**

No. 01–55858.
D.C. No. CV–00–02476–JNK
CR–92–00058–1–IEG.

United States Court of Appeals,
Ninth Circuit.

---

Submitted June 28, 2002 *.

Decided Oct. 8, 2002.

Before SKOPIL, BOOCHEVER and LEAVY, Circuit Judges.

## MEMORANDUM **

Petitioner-appellee Padilla–Duran ("Padilla") was convicted in 1993 of several offenses based on his involvement in a conspiracy to import marijuana into the United States. At sentencing, the district court determined the quantity of drugs attributable to Padilla and sentenced him to 235 months' imprisonment. Padilla's conviction and sentence were affirmed by this court on direct appeal. Padilla then filed his first motion under 28 U.S.C. § 2255, which was denied by the district court, and the denial was affirmed by this court. After the Supreme Court decided *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Padilla requested and received permission from this court to file a successive motion raising an *Apprendi* claim. Padilla then filed the present successive motion, which was granted by the district court on April 17, 2001. The government appeals.

Under 28 U.S.C. §§ 2255 and 2244, a successive motion must be dismissed unless it is based on newly discovered evidence demonstrating the petitioner's innocence, or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. The district court concluded that *Apprendi* announced a "new rule" that has been "made retroactive" by the Supreme Court. Relying on *Flowers v. Walter,* 239 F.3d 1096 (9th Cir.2001) (per curiam), the district court interpreted the phrase "made retroactive ... by the Supreme Court" broadly to allow retroactive application of new rules under the standard announced in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). Accordingly, the district court conducted *Teague* analysis and concluded that *Apprendi* applied retroactively to Padilla's case.

After the district court issued its decision, however, the Supreme Court decided *Tyler v. Cain,* 533 U.S. 656, 121 S.Ct. 2478,

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

150 L.Ed.2d 632 (2001), in which the Court held that the phrase "made retroactive . . . by the Supreme Court" means the Supreme Court must have explicitly held that the right applies retroactively to cases on collateral review. *Id.* at 662, 121 S.Ct. 2478. In response to *Tyler,* the *Flowers* opinion was withdrawn, 267 F.3d 1167 (9th Cir.2001), and replaced with an unpublished disposition affirming dismissal of the successive motion. 24 Fed.Appx. 658 (9th Cir.2001). Thus, it is now clear that a new rule of constitutional law has not been "made retroactive" for the purposes of §§ 2255 and 2244 unless the Supreme Court has explicitly held that the rule applies retroactively to cases on collateral review. *See Rees v. Hill,* 286 F.3d 1103, 1104 (9th Cir.2002).

As the Supreme Court has never held *Apprendi* retroactive, Padilla should not have been permitted to bring a successive motion raising an *Apprendi* claim. Moreover, even if this court could reach the merits of Padilla's appeal, Padilla would not be entitled to relief, because we recently held that *Apprendi* does not apply retroactively to cases on collateral review. *See United States v. Sanchez–Cervantes,* 282 F.3d 664 (9th Cir.2002).

Accordingly, the district court's order granting Padilla's successive motion is reversed, and the case is remanded with instructions to dismiss the petition.

REVERSED AND REMANDED.