**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Adrian PLASENCIA–GARCIA,
Defendant–Appellant.**

No. 01–35421.

D.C. Nos. CV–97–6047–MRH,
CR–93–60022–MRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 12, 2002.*

Decided Nov. 12, 2002.

Before LAY,** TASHIMA and
MCKEOWN, Circuit Judges.

MEMORANDUM***

Adrian Plasencia–Garcia ("Plasencia") appeals from the district court's dismissal of his 28 U.S.C. § 2255 petition for post-conviction relief. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Plasencia argues that his sentencing violated the rule of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* held that "[i]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. It is equally clear that such facts must be established by proof beyond a reasonable doubt." *Id.* at 490, 120 S.Ct. 2348 (quoting *Jones v. United States,* 526 U.S. 227, 252–53, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (Stevens, J., concurring)). Even assuming, however, that his sentence violated *Apprendi,* Plasencia cannot prevail on his § 2255 motion, because *Apprendi* does not apply retroactively to cases on collateral review. *Reynolds v. Cambra,* 290 F.3d 1029, 1030 (9th Cir.2002); *Rees v. Hill,* 286 F.3d 1103, 1104 (9th Cir.2002); *United States v. Sanchez–Cervantes,* 282 F.3d 664, 673 (9th Cir.2002).

Plasencia also argues that he is entitled to relief under *United States v. Buckland,* 289 F.3d 558 (9th Cir.2002) (en banc). He contends that *Buckland* substantively changed 21 U.S.C. § 841 by holding that the separate sentencing provisions of that statute created separate crimes with different essential elements (*i.e.,* drug quantity and drug type) that must be charged in the indictment and decided by the jury. This argument, however, was expressly rejected in *United States v. Valensia,* 299 F.3d 1068, 1074 (9th Cir.2002). *Buckland* merely applied *Apprendi* to § 841; therefore, its holding does not apply retroactively to Plasencia's case. *See Sanchez–Cervantes,* 282 F.3d at 673.

The judgment of the district court dismissing Plasencia's § 2255 motion is AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.