**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rafael CORNEJO, Defendant–**
**Appellant.**

No. 02–16591.

D.C. No. CR–92–00403–1–TEH.

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 2003.*

Decided July 29, 2003.

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

MEMORANDUM**

Federal prisoner Rafael Cornejo appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate his 360–month sentence. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Cornejo contends that the district court erred by concluding that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), does not retroactively apply to initial 28 U.S.C. § 2255 motions because the rule announced in *Apprendi* is a substantive change in the law. This contention is precluded by our decision in *United States v. Sanchez–Cervantes,* 282 F.3d 664, 667–71 (9th Cir.) (concluding that *Apprendi* is a new rule of criminal procedure that does not apply retroactively to cases on initial collateral review), *cert. denied,* 537 U.S. 939, 123 S.Ct. 48, 154 L.Ed.2d 243 (2002); *Rees v. Hill,* 286 F.3d 1103, 1104 (9th Cir.2002) (applying the same rule to second or successive petitions).[1] Accordingly, the district court did not err by denying Cornejo's § 2255 motion. *See* 28 U.S.C. § 2255.

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. To the extent Cornejo raises other issues, we decline to address those issues because they are not encompassed in the certificate of appealability. *Hiivala v. Wood,* 195 F.3d 1098, 1103 (9th Cir.1999) (per curiam).